888 F.2d 1385
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Noah Glen GILBERT, Petitioner,
v.
HARMAN MINING CORPORATION, Respondent,
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Intervenor.
 No. 87-3868.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 28, 1989.
Decided Oct. 18, 1989.
 
 Joseph E. Wolfe, Wolfe & Farmer, on brief for petitioner.
 Mark E. Solomons, Arter & Hadden, on brief for respondent.
 George R. Salem, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Michael J. Denney, Counsel for Appellate Litigation, Nicholas J. Levintow, U.S. Department of Labor, Office of the Solicitor, on brief for Intervenor.
 Before WINTER, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Noah Glen Gilbert seeks to set aside a decision and order of the Benefits Review Board affirming the decision of an Administrative Law Judge denying him black lung benefits. The parties have agreed to submit the case on briefs. We proceed then to decision and affirm the order.
 
 
 2
 Gilbert filed his claim on September 4, 1980, and thus he seeks benefits under the regulations set forth in 20 C.F.R. Part 718. To be entitled to benefits, he was required to prove that (a) he suffers from pneumoconiosis, (b) arising out of his coal mine employment, and (c) rendering him totally disabled. The ALJ found that Gilbert had proved that he had pneumoconiosis pursuant to 20 C.F.R. Sec. 718.202(a)(4) based upon the opinion of a physician that he has chronic obstructive pulmonary disease--a disease included within the definition of pneumoconiosis set forth in 20 C.F.R. Sec. 718.201. Since Gilbert had more than ten years of coal mine employment, the ALJ afforded him the rebuttable presumption that his chronic obstructive lung disease arose out of coal mine employment. 20 C.F.R. Sec. 718.203(b). But the ALJ found that the presumption was rebutted.
 
 
 3
 The issue before us is whether substantial evidence supports the ALJ's finding that the presumption was rebutted. We think that it does. Two physicians expressed the opinion that Gilbert's pulmonary infirmities resulted not from coal workers' pneumoconiosis but other causes. The ALJ rejected the opinion of one physician as "too equivocal and based on blood gas study reports which he suspects are not accurate." He found no basis on which to discredit or disbelieve the opinion of the other physician that Gilbert's pulmonary problems resulted from his long enduring habit of cigarette smoking and not his exposure to coal dust.
 
 
 4
 We agree with the ALJ that there is no good reason to reject the opinion of the second physician, and in our view, it constitutes substantial evidence to support the ALJ's finding.
 
 
 5
 AFFIRMED.